IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER M. HALL**                                        **PLAINTIFF**

V.                              **CASE NO. 5:17-CV-05174**

**SHERIFF TIM HELDER, Washington
County, Arkansas; SERGEANT JEB
BYRD; and DEPUTY JOEL MINOR**                                  **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Christopher Hall pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. He has sought leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff is incarcerated in the Washington County Detention Center ("WCDC").

Before the Court for screening is the Complaint (Doc. 1) filed by Plaintiff on September 11, 2017. The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint, on August 15, 2017, Plaintiff submitted, via the electronic kiosk, a request for a special tray because he "converted [his] religion." Plaintiff does not indicate what religion he converted to. Three days later,

-1-

Plaintiff alleges he received a response stating that the form he needed to sign to obtain a special tray would be brought to him by Sergeant Byrd. Plaintiff alleges that no form was brought to him.

On August 21, 2017, Plaintiff alleges he told Deputy Minor that he wanted a § 1983 form because his religious rights were being violated. Deputy Minor then brought Plaintiff the form for a special diet tray, and Plaintiff completed it. As of August 26, 2017, Plaintiff indicates nothing had been done to honor his request for a special diet tray.

On August 30, 2017, Corporal Mulvaney indicated that after researching the issue he found that the Plaintiff's form requesting a special diet was placed in the booking file without Plaintiff having been added to the special diet list. Corporal Mulvaney indicated that a sergeant should have been notified so that an entry could have been made in the computer indicating Plaintiff was approved for a special diet. The mistake had been corrected, Plaintiff was placed on the special diet list, and Plaintiff started receiving the special diet on August 30, 2017.

Plaintiff alleges his religious rights were violated from August 15, 2017, to August 30, 2017, when he began receiving a special tray. Plaintiff has sued the Defendants in both their individual and official capacities. As relief, he seeks compensatory damages in an unspecified amount.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, Plaintiff's allegations do not state a plausible claim. At best, the allegations are that Defendants Byrd and Minor were negligent in not responding quickly enough to Plaintiff's request for a religious diet. Negligence does not rise to the level of conduct that is actionable under § 1983. *See, e.g., Myers v. Morris*, 810 F.2d 1437 (8th Cir. 1987) (*citing Davidson*, 474 U.S. at 348; *Daniels*, 474 U.S. at 330-31). Short delays in processing requests for religious diets do not violate the First Amendment. *See e.g., Parkell v. Senato*, 224 F. Supp. 3d 388, 398 (D. Del. 2016), *aff'd in part, vacated in part, remanded*

*on other grounds*, No. 17-1101, 2017 WL 2954599 (3d Cir. July 11, 2017) (recognizing short term delays in processing requests were reasonable, but two-year delay at issue in that case violated the First Amendment); *see also Tapp v. Proto*, 404 Fed. Appx. 563, 565 (3d Cir. 2010) (short two-week delay in providing acceptable kosher meals did not impinge free exercise rights); *Heim v. Moore*, No. 3:cv-11-0270, 2012 WL 1118636, *4 (M.D. Pa. Apr. 3, 2012) ("Where a delay in providing an inmate with a religious diet is brief and caused by ordinary administrative delay, the inmate's religious rights are not violated"); *Mestre v. Wagner*, No. 10-7141, 2012 WL 299626, *6 (E.D. Pa. Feb. 1, 2012) (seven-week delay in providing religious diet did not violated the First Amendment; officials are allowed a reasonable time to process a request for a religious diet).

Even if a constitutional violation had existed, there is no basis on which Sheriff Helder could be held individually liable. He is not alleged to have taken any action with respect to Plaintiff's request, the provision of the appropriate form, or the entry of the approval of the religious diet in the computer. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Finally, the official-capacity claims are without merit because no constitutional injury has occurred here. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a 'government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official capacity.'" *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Further, the Complaint does not even allege that a custom or policy of Washington County was the moving force behind any alleged constitutional violation.

### III. CONCLUSION

The claims asserted in the Complaint are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, the case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**IT IS SO ORDERED** on this 29th day of September 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE